# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GEORGE EDWARD MICHAEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13 C 7212 |
| v. ) | |
| ) | Judge Amy St. Eve |
| UNITED PARCEL SERVICE FREIGHT, ) | |
| INC.,[1] ) | |
| ) | |
| Defendant. ) | |

## ORDER

The Court grants in part and denies in part Defendant's motion to dismiss [12]. Parties shall file a joint discovery plan by 3/12/14. Status hearing set for 3/26/14 is stricken and reset to 3/17/14 at 8:30 a.m.

## STATEMENT

On October 8, 2013, Plaintiff George Edward Michael filed the present two-count Complaint alleging that Defendant United Parcel Service Freight, Inc. violated of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). Before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part and denies in part Defendant's motion.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the

---

[1] The parties agree that the proper Defendant in this matter is United Parcel Service Freight, Inc.

sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013).

## BACKGROUND

Plaintiff, who is presently sixty-one years old, began working for Defendant in January 2002 at the Chicago, Illinois terminal as a Service Center Manager. (R. 1, Compl. ¶¶ 1, 9.) Beginning in or around May 2006, Plaintiff alleges that Defendant started repeatedly denying Plaintiff promotions to higher level, managerial positions for which he was qualified. (*Id.* ¶ 11.) Instead, Defendant hired substantially younger, less-experienced employees for these positions. (*Id.*) On or around July 27, 2010, a vacancy opened for the role of Regional Director of Operations. (*Id.* ¶ 12.) Plaintiff alleges that even though he was well-qualified for this promotion given his skills, managerial background, and eight years of experience at the company, Defendant hired one of Plaintiff's younger, less-experienced counterparts for this position. (*Id.*) Plaintiff alleges that beginning in or around May 2006, he repeatedly complained to a number of his superiors that he believed that Defendant was unjustifiably denying him promotions due to his age. (*Id.* ¶ 13.) According to Plaintiff, Defendant made no efforts to investigate or remedy Plaintiff's complaints. (*Id.*)

Furthermore, Plaintiff alleges that on or around November 30, 2010, Defendant demoted him from his position as Service Center Manager at the company's "Grade F" terminal in Chicago to the position of Service Center Manager at its "Grade D" terminal in Toledo, Ohio. (*Id.* ¶ 14.) His managers told him that he could either take this demotion or lose his job. (*Id.*) This demotion required Plaintiff to relocate to Toledo and reduced his pay by approximately $30,000. (*Id.*) Plaintiff also contends that the Toledo position lowered his visibility, seniority, prestige, and opportunity for advancement within the company. (*Id.*) As a result of the drastic decrease in pay and the hardship of living apart from his wife and family — and after Defendants repeatedly refused to correct their discriminatory actions — Plaintiff asserts that he was forced to retire from Defendant on or around April 30, 2012. (*Id.* ¶ 17.) Prior to his demotion, Plaintiff had not planned to retire until at least age sixty-five. (*Id.*)

On December 27, 2010, Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination and retaliation. (*Id.* ¶ 18.) On July 12, 2013, Plaintiff received his Notice of Right to Sue letter from the EEOC. (*Id.* ¶ 19.)

## ANALYSIS

Defendant first moves to dismiss Plaintiff's failure to promote claim as untimely. In Illinois, a plaintiff must file an EEOC charge "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e); *Blasdel v. Northwestern Univ.,* 687 F.3d 813, 815 (7th Cir. 2012). "If a plaintiff fails to file a timely charge concerning a discrete act of discriminatory conduct, his claim is time-barred." *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013).

Although Plaintiff makes vague, general allegations regarding Defendant's failure to promote him starting in 2006, he does specifically allege one discrete act of discriminatory conduct within the limitations period, namely, that Defendant failed to promote him for a vacancy announced on July 27, 2010 due to his age. Because the July 2010 conduct is within 300 days of Plaintiff's December 2010 EEOC Charge, this incident is timely. *See Jackson v. City of Chicago*, 552 F.3d 619, 624 (7th Cir. 2009) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act.") (citation omitted). The Court therefore denies Defendant's motion to dismiss regarding the July 2010 failure to promote claim. On the other hand, Plaintiff's vague allegations regarding Defendant's conduct starting in 2006 are untimely. The Court grants Defendant's motion in this respect.

Next, Defendant moves to dismiss Plaintiff's allegations regarding a "collective action" as insufficiently plead under the federal pleading standards. In response, Plaintiff contends that he is not bringing a collective action. The Court therefore grants this aspect of Defendant's motion without objection and dismisses any such collective action from this lawsuit.

Last, Defendant argues that Plaintiff has failed to sufficiently allege facts supporting his constructive discharge claim. "A constructive discharge occurs when working conditions become so unbearable that an employee is forced to resign." *Smith v. Bray*, 681 F.3d 888, 908 (7th Cir. 2012); *see also Chapin v. Fort-Rohr Motors, Inc.*, 621 F.3d 673, 679 (7th Cir. 2010). The Seventh Circuit has recognized two forms of constructive discharge: (1) when "an employee resigns due to alleged discriminatory harassment;" or (2) when "an employer acts in a manner so as to have communicated to a reasonable employee that she will be terminated." *Chapin,* 621 F.3d at 679. The second form "does not eliminate the need for the plaintiff to show that his working conditions had become intolerable." *Id.*

Accepting Plaintiff's allegations as true, he has not sufficiently alleged a constructive discharge claim under the first form because he does not allege that Defendant's conduct was within the context of a hostile work environment. *See, e.g., Pennsylvania State Police v. Suders,* 542 U.S. 129, 146, 124 S.Ct. 2342, 159 L.Ed.2d 204 (2004). Nonetheless, viewing the well-pleaded facts as true and construing all inferences in Plaintiff's favor, he has sufficiently alleged constructive discharge under the second form because he states that his managers told him that he could either take the demotion or lose his job. *See Chapin,* 621 F.3d at 679. In other words, Plaintiff has sufficiently alleged that if he did not take the demotion, Defendant would have terminated his employment. *See Kodish v. Oakbrook Terrace Fire Prot. Dist.,* 604 F.3d 490, 502 (7th Cir. 2010). In further support of his claim, Plaintiff alleges a hardship to his family, a drastic cut in pay, and that Defendants repeatedly refused to correct their discriminatory actions. The fact that Plaintiff stayed at the Toledo assignment for approximately a year and a half does not work against Plaintiff's constructive discharge claim as Defendant argues, but instead Plaintiff's conduct is in accordance with his duty to mitigate damages under the circumstances. *See Chapin,* 621 F.3d at 680-81. Indeed, "the primary rationale behind the heightened standard in constructive discharge cases is to permit an employer to address a situation before it causes an employee to quit." *Boumehdi v. Plastag Holdings, LLC,* 489 F.3d 781, 790 (7th Cir. 2007).

Accordingly, under the federal pleading standards, Plaintiff has stated a constructive discharge claim that is plausible on its face and puts Defendant on notice of his claim and the grounds upon which it rests. *See Engel v. Buchan,* 710 F.3d 698, 709 (7th Cir. 2013) ("The *Twombly/Iqbal* 'plausibility' determination is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'") (citation omitted). The Court therefore denies this aspect of Defendant's motion to dismiss.

**Dated:** February 26, 2014

**AMY J. ST. EVE**
**United States District Court Judge**